Case 4:15-cv-03424   Document 17   Filed in TXSD on 06/28/16   Page 1 of 11

United States District Court
Southern District of Texas

**ENTERED**
June 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| XAVIER A. AUSTIN, § <br> TDCJ #1812666, § <br> § <br>     Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br>     Respondent.[1] § | CIVIL ACTION NO. H-15-3424 |

**MEMORANDUM OPINION AND ORDER**

Xavier A. Austin filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) and an amended Petition ("Amended Petition") (Docket Entry No. 7) challenging his state conviction and life sentence. Pending before the court is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 11), which argues that Austin's Amended Petition is time barred. Austin has responded with Petitioner's Traverse to Respondent's Motion for Summary Judgment ("Petitioner's Traverse") (Docket Entry No. 16). For the reasons stated below, the court will grant Respondent's

---

[1]Effective May 1, 2016, Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Motion for Summary Judgment and will dismiss petitioner's Amended Petition.

## I. Procedural History

A jury in the 174th District Court of Harris County found Austin guilty of capital murder in cause no. 1252434 on September 12, 2012.[2] The trial court sentenced Austin to life imprisonment.[3] The Fourteenth Court of Appeals for the State of Texas affirmed Austin's conviction on July 17, 2014.[4] Although the Texas Court of Criminal Appeals granted Austin an extension until November 18, 2014, to file a Petition for Discretionary Review ("PDR"), he did not file a PDR.[5] Austin's conviction became final on November 18, 2014, when his time to file a PDR expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (conviction becomes final when defendant stops appeal process before reaching state court of last resort).

On November 10, 2015, Austin executed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[6] Austin executed an amended § 2254 habeas petition on January 7, 2016.[7]

---

[2]Verdict, Clerk's Record-Part 3, Docket Entry No. 12-3, p. 173.

[3]Judgment of Conviction By Jury, Clerk's Record-Part 4, Docket Entry No. 12-4, p. 197.

[4]Austin v. State of Texas, No. 14-12-00894-CR (Tex. App.-- Houston [14th Dist.] July 17, 2014, Docket Entry No. 12-21.

[5]Amended Petition, Docket Entry No. 7, p. 3.

[6]Petition, Docket Entry No. 1, p. 10.

[7]Amended Petition, Docket Entry No. 7, p. 10.

## II. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all cases filed after April 24, 1996. 28 U.S.C. § 2244(d)(1); <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997). The AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2244(d)(1) as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides for tolling of the limitations period while a properly filed application for state post-conviction review is pending. As noted above, Austin's conviction became final on November 18, 2014. That date triggered

-3-

the statute of limitations found in § 2244(d)(1)(A), which expired one year later on November 18, 2015. Because petitioner executed his first Petition eight days before the deadline, it is not time barred. However, the Amended Petition is time barred because Austin executed it almost two months after the deadline.

A.  **Statutory Tolling**

Austin executed a state Application for a Writ of Habeas Corpus on December 1, 2015, challenging his capital murder conviction.[8] The application is currently pending before the Texas Court of Criminal Appeals.[9] Austin's state application for a writ of habeas corpus does not toll the statute of limitations because he filed it after the limitations period for his federal habeas petition had already lapsed. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). As a result, statutory tolling under § 2244(d)(2) does not apply to his Amended Petition.

Austin alleges facts in his Amended Petition that seek to explain the delay in his state habeas petition. Austin alleges that intermittent "unscheduled security lockdown[s]" constituted a state-imposed impediment that should toll the statute of limitations under § 2244(d)(1)(B).[10] If the state creates an impediment that violates the Constitution or federal law and

---

[8]Application for a Writ of Habeas Corpus, Docket Entry No. 12-26, p. 18.

[9]Exhibit A to Respondent's MSJ, Docket Entry 11-1, p. 2.

[10]Amended Petition, Docket Entry No. 7, p. 9.

prevents an applicant from filing a timely petition, the limitations period does not begin until the impediment is removed. 28 U.S.C. § 2244(d)(1)(B); <u>Egerton v. Cockrell</u>, 334 F.3d 433, 436 (5th Cir. 2003).

In his Amended Petition Austin provides an affidavit of an administrator in TDCJ's Emergency Action Center. The affidavit states that between November 18, 2014, and November 18, 2015, petitioner's prison unit was on lockdown at various times for seventy-two days.[11] These lockdowns did not create an impediment because Austin still had 293 days of the one-year period in which to timely file his petition. Thus, Section 2244(d)(1)(B) is inapplicable to Austin's Amended Petition. Furthermore, Austin does not satisfy any other tolling provision under section 2244(d). There has been no showing of a newly recognized constitutional right upon which the petition is based, and there is no factual predicate for the claims that could not have been discovered if the petitioner had acted with due diligence. <u>See</u> 28 U.S.C. § 2244(d)(1)(C)-(D). Therefore, there is no statutory basis to toll the limitations period under 28 U.S.C. § 2244(d).

B.   **Equitable Tolling**

The statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion only "in rare and

---

[11]Exhibit A to Petitioner's Traverse, Docket Entry No. 16, p. 3.

exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005)).

Austin asserts a claim for equitable tolling by alleging that prison security lockdowns constitute an extraordinary circumstance that warrants equitable tolling.[12] However, as stated above, the lockdowns at Austin's unit only accounted for a fraction of § 2244(d)(1)'s one-year period. Events like lockdowns are common occurrences for prisons and do not constitute extraordinary circumstances. See Holland v. Florida, 130 S. Ct. 2549, 2564 (2010) (finding that garden variety claims do not meet the standard of extraordinary circumstances).

In addition to demonstrating extraordinary circumstances, a petitioner must also show that he pursued his claims diligently to justify equitable tolling of the statute of limitations. Id. at

---

[12]Petitioner's Traverse, Docket Entry No. 16, p. 1.

2562. Even if the prison lockdowns were extraordinary circumstances, Austin has not demonstrated that he diligently pursued his claims. He delayed filing his Petition until the end of the statute of limitations period and then filed his Amended Petition almost two months after the statute of limitations had run.[13] Such delays do not indicate the diligent pursuit of his rights, which additionally bars Austin from equitable tolling for his Amended Petition. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights.").

Although the petitioner proceeds pro se on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans Steamship Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Because Austin has not proved that (1) he pursued his claims diligently and (2) some extraordinary

---

[13]Amended Petition, Docket Entry No. 7, p. 10.

circumstance prevented the timely filing of his Amended Petition, his Amended Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Relation of Claims

Austin's Amended Petition could overcome the statute of limitations bar if his Amended Petition "relates back to" the timely filed original Petition.  Fed. R. Civ. P. 15(c)(1)(B). Additionally, if an amended complaint does not refer back to the original complaint, the amended complaint will supersede the original and "render [the original] of no legal effect." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).[14]  In order to relate back to the original, the claim in the amended plea must "ar[i]se out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

In his Petition Austin claimed that: (1) trial counsel failed to object to improper bolstering of a witness; (2) trial counsel failed to object to a witness's speculation regarding intent; and (3) the evidence was insufficient to support the conviction.[15] In the Amended Petition Austin claims (1) appellate counsel failed to challenge the sufficiency of the evidence, (2) appellate counsel

---

[14]Because Austin filed an Amended Petition, the claims in his original Petition are no longer before the court.

[15]Petition, Docket Entry No. 1, pp. 6-7.

failed to raise a challenge to the jury charge, (3) the capital murder statute is unconstitutional, (4) he was denied counsel on state habeas review, and (5) the capital murder sentencing statute is unconstitutional.[16] The claims asserted in the Amended Petition relate to a different set of facts and occurrences from the claims asserted in the Petition. Such differences do not "relate back to" the original Petition. See id.; Mayle v. Felix, 125 S. Ct. 2562, 2571 (2005) (an amended plea does not relate back when the new claims "depend upon events separate in both time and type from the originally raised" events). Because the Amended Petition does not relate back to the original Petition, as required by Federal Rule of Civil Procedure 15(c)(1)(B), the Amended Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## IV. Certificate of Appealability

The Petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certification of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d at 1076 (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandate that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals….'" Miller-El v. Cockrell, 123 S. Ct.

---

[16]Amended Petition, Docket Entry No. 7, pp. 6-8.

1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## V. Conclusion and Order

For the reasons explained above, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2. Xavier A. Austin's Amended Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 7) is **DISMISSED with prejudice** as barred by the statute of limitations.

3. A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 28th day of June, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE